IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL W. HAMNER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2577 |
| | § | |
| MICHAEL J. ASTRUE, Commissioner | § | |
| of Social Security Administration, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Russell W. Hamner, *pro se*, filed this lawsuit again challenging the Social Security Act ("SSA") as a violation of the First Amendment. Plaintiff's first such lawsuit asserting that the SSA violates the First Amendment, *Hamner v. United States*, Civil Action No. H-09-1238, was dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim to relief that is plausible on its face. *See Hamner v. United States*, 2010 WL 4131394 (S.D. Tex. March 30, 2010) (Miller, J.). Judge Miller's dismissal of Plaintiff's complaint in Civil Action No. H-09-1238 was affirmed by the United States Court of Appeals for the Fifth Circuit. *See* USCA No. 10-20311 [Doc. # 34 in H-09-1238].

This new case is now before the Court on Defendant's Motion to Dismiss [Doc. # 9], to which Plaintiff filed an Opposition [Doc. # 11]. In the Opposition, Plaintiff clarifies that he is asserting only a First Amendment Establishment Clause challenge

in this case, citing *Everson v. Board of Education of Ewing*, 330 U.S. 1 (1947), and *Lemon v. Kurtzman*, 403 U.S. 602 (1971).[1]  Having reviewed the full record and applied relevant legal authorities, the Court grants Defendant's Motion to Dismiss. Because the same claim was previously dismissed by a court in this federal district and the dismissal was affirmed by the Fifth Circuit, the Court dismisses this second lawsuit with prejudice.

## I.   STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Id.*  The complaint must, however, state a claim for relief that is "plausible on its face."  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Id.* at 1950.

## II.  ANALYSIS

---

[1]   Plaintiff uses the phrase "free exercise" at times in his Response, but it is clear that the focus of his claim is the Establishment Clause.  Moreover, the United States Supreme Court has held that the SSA does not violate the Free Exercise Clause of the First Amendment.  *See United States v. Lee*, 455 U.S. 252, 254 (1982).

Plaintiff alleges that the SSA violates the Establishment Clause of the First Amendment either because it coerces him to participate in Christian charity (Response, p. 6) or because it prevents him from participating in Christian charity (Complaint, p. 2).[2]  Plaintiff in his Response focuses on the argument that the SSA coerces religious participation in Christian charity.  *See* Response, pp. 6-7.  As stated by the United States Supreme Court:

> The 'establishment of religion' clause of the First Amendment means at least this: Neither a state nor the Federal Government can set up a church. Neither can pass laws which aid one religion, aid all religions, or prefer one religion over another. Neither can force nor influence a person to go to or to remain away from church against his will or force him to profess a belief or disbelief in any religion. No person can be punished for entertaining or professing religious beliefs or disbeliefs, for church attendance or non-attendance. No tax in any amount, large or small, can be levied to support any religious activities or institutions, whatever they may be called, or whatever form they may adopt to teach or practice religion. Neither a state nor the Federal Government can, openly or secretly, participate in the affairs of any religious organizations or groups and vice versa.

*Everson v. Board of Education of Ewing TP*, 330 U.S. at 15-16.  Later, in *Lemon*, the Supreme Court established a three-part test for evaluating whether a law is constitutional in light of the Establishment Clause.  "First, the statute must have a

---

[2]   To the extent Plaintiff is claiming that the SSA violates his First Amendment rights because it ***prevents*** him from exercising Christian charity, the Court notes that there are many private Christian charities through which Plaintiff is free to exercise his First Amendment right, including his religious belief that he is required to help the poor.

secular legislative purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion, [and] finally, the statute must not foster an excessive government entanglement with religion." *Lemon*, 403 U.S. at 612-13 (internal quotations and citations omitted).

It has been held consistently that the SSA has a secular legislative purpose. *See, e.g., Ballinger v. C.I.R.*, 728 F.2d 1287, 1292 (10th Cir. 1984); *Hatcher v. C.I.R.*, 688 F.2d 82, 83-84 (10th Cir. 1979). Plaintiff has cited no legal authority to the contrary.

Similarly, it has been held that the primary effect of the SSA neither advances nor prohibits religion. *See, e.g., Hatcher*, 688 F.2d at 84. Plaintiff cites no legal authority supporting his argument that the primary effect of the SSA is to advance Christian charity, as opposed to charity and benevolence in general. Indeed, the SSA "accommodates, consistent with the goals of the Social Security system, those who oppose Social Security on religious grounds[,]" provided the individual "belongs to an organization with its own welfare system." *See Droz v. C.I.R.*, 48 F.3d 1120, 1124 (9th Cir. 1995).

The SSA does not create excessive entanglement with religion. *See Bethel Baptist Church v. United States*, 822 F.2d 1334, 1341 (3rd Cir. 1987). Plaintiff has cited no legal authority holding that the SSA creates excessive entanglement with religion. Instead, Plaintiff alleges summarily in his Response that the "endorsement

of Charity under the synonym of Welfare, diminishes his standing in the political community by being coerced by law to support a religious form of government." *See* Response, p. 7. In support of this assertion, Plaintiff cites Justice O'Connor's dissent in *Wallace v. Jaffree*, 472 U.S. 38, 69 (1985). Plaintiff does not, however, allege a factual basis for his conclusory allegation that the SSA has any impact on his standing in the political community.

Plaintiff has failed to establish any of the elements of an Establishment Clause claim under the First Amendment.

## III.    CONCLUSION AND ORDER

Plaintiff has failed to state an Establishment Clause claim for relief. As noted by Judge Miller when dismissing Plaintiff's first lawsuit, "[a]lthough both the Social Security program and Christian religion may help the poor, it does not follow that the federal government is therefore infringing on any limitation imposed by the Establishment Clause." *Hamner*, 2010 WL 4131394 at *1. As a result, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 9] is **GRANTED**. This is the second time Plaintiff has filed a First Amendment Establishment Clause challenge to the SSA. The first lawsuit was dismissed and the dismissal was affirmed by the Fifth Circuit on appeal. As a result, the dismissal of this second lawsuit is **WITH PREJUDICE**.

SIGNED at Houston, Texas, this 26th day of **October, 2011.**

_____
Nancy F. Atlas
United States District Judge